NOT DESIGNATED FOR PUBLICATION

No. 120,629

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE ANTHONY GARCIA-ROMERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed November 15, 2019.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Jose Anthony Garcia-Romero appeals the district court's decision to revoke his probation. We granted Garcia-Romero's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After a complete review of the record, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Garcia-Romero originally pled guilty to possession of cocaine with intent to distribute, a felony, and driving under the influence of drugs as a second time offender, a misdemeanor. Based on his criminal history score, he was sentenced to concurrent sentences of 44 months in prison for the felony and one year in jail for the misdemeanor.

1

The court then granted probation for a term of 24 months. Just a few months later Garcia-Romero admitted to violating his probation by committing a new crime. He also agreed with the State that he would not challenge the imposition of his sentence in this case for violation of his probation. After a hearing where Garcia-Romero admitted to violating his probation and presented no argument as to why his probation should not be revoked, the district court revoked his probation and ordered him to serve the underlying 44-month prison sentence.

ANALYSIS

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A court is not required to consider imposing any intermediate sanctions if a defendant commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Garcia-Romero does not argue the district court's decision was based on an error of law or an error of fact. Instead, he asserts the district court's decision was unreasonable. His argument is unpersuasive. Given the fact that Garcia-Romero admitted to committing a new crime while on probation, agreed not to challenge the imposition of his underlying sentence, and provided no reason for the district court to continue his probation, we find no abuse of discretion.

Affirmed.

2